FREDERICK R. DE YOUNG, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. BANKRUPTCY, § 81*—*what promise is necessary to revive a debt discharged in bankruptcy.* A discharge in bankruptcy releases a debt of the bankrupt arising out of a note, and to revive the same the promise of the debtor to pay the note must be clear, distinct and unequivocal, and without such clear and express promise neither payment of interest, part payment of principal, nor declaration of intention to pay will suffice to revive the same.

2. BANKRUPTCY, § 85*—*when proof of new promise to pay debt discharged in bankruptcy is insufficient.* Evidence *held* not to show a clear and unequivocal promise to pay a note discharged in bankruptcy.

Sara G. Huggins, Appellee, v. Lilly Gottschalk et al. Albert Wesley Gottschalk, Appellant.

Gen. No. 20,942.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN M. CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

## Statement of the Case.

Bill to foreclose a trust deed covering certain real estate in Cook county, filed in the Superior Court by Sara G. Huggins. The trust deed was executed by Lilly Gottschalk, and was given to secure the payment of certain promissory notes. All of the notes were signed by said Lilly Gottschalk and were made payable to herself, and were indorsed by her and Albert Wesley Gottschalk. At the time of the filing of the bill, some

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Doran et al. v. Graham, 195 Ill. App. 65.

of the notes were owned by the complainant. A decree was entered finding, *inter alia,* that there was due to the complainant the sum of $641.47, with interest thereon from December 27, 1912, and also the sum of $75 as reasonable solicitor's fees, and a sale of the real estate was ordered, unless such sums, together with the costs of the suit, were paid within ten days. The decree further provided that "after the coming in and the confirmation of the master's report of sale in case any deficiency is shown in the amount due to the complainant, Sara G. Huggins, she shall be entitled to execution against the defendant, Lilly Gottschalk and Albert Wesley Gottschalk, personally liable therefor." This appeal is prosecuted to reverse said decree, and the sole appellant is Albert Wesley Gottschalk.

Albert Wesley Gottschalk, *pro se.*

Sonnenschein, Berkson & Fishell, for appellee.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

## Abstract of the Decision.

Appeal and error, § 308*—*what decision not reviewable on appeal.* A conditional deficiency decree not being final nor appealable, the propriety of entering such a decree against the indorser of mortgage notes is not reviewable.

---

## John F. Doran et al., Appellees, v. Beatrice M. Graham, Appellant.

### Gen. Nos. 21,217, 21,442.

1. Dedication, § 25*—*when plat sufficient.* A plat containing building line restrictions *held* to substantially comply with the statutes (Rev. Stat., ch. 109, and ch. 115, sec. 13, J. & A. ¶¶ 8517-8526, 9110).

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.